960 F.2d 155
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Emma HELPER, Petitioner,
v.
SMALL BUSINESS ADMINISTRATION, Respondent.
 No. 91-3452.
 United States Court of Appeals, Federal Circuit.
 March 4, 1992.
 
 Before RICH, ARCHER and LOURIE, Circuit Judges.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Emma Helper petitions for review of the arbitrator's Decision and Award dated May 27, 1991, concluding that the Small Business Administration established by substantial evidence that its removal of Ms. Helper due to unacceptable performance was in compliance with applicable law, regulation and contract. We affirm.
 
 DISCUSSION
 
 2
 Our standard of review of an arbitrator's decision is the same as that of a decision by the Merit Systems Protection Board. Accordingly, the decision of the arbitrator must be sustained unless it was (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, (2) obtained without proper procedure, or (3) unsupported by substantial evidence. 5 U.S.C. §§ 7121(f) and 7703(c) (1988); Rogers v. Department of Defense Dependents Schools, 814 F.2d 1549, 1552 (Fed.Cir.1987); Warren v. Department of the Army, 804 F.2d 654, 655-56 (Fed.Cir.1986).
 
 
 3
 Ms. Helper's principal argument is that the agency did not present "substantial evidence that the applicable performance standard was sufficiently objective so as to apprise [her] of the standard against which her performance was to be measured." She contends that the performance standard was invalid because it was not objective and depended on the number and skill of other employees.
 
 
 4
 Ms. Helper's performance standard required that to be minimally successful she complete 43% of "all jobs accomplished each month by nonsupervisory personnel." While this standard may suffer from lack of clarity in the abstract, we are convinced that under the facts of this case it is reasonably objective and adequately apprised Ms. Helper of what was expected of her and that it was not applied unfairly against her.
 
 
 5
 When the performance standard was adopted it was assumed that the equivalent of two full-time nonsupervisory typists would make up the office staff. Ms. Helper was a full-time employee and for the most part represented 50% of the work force of the office. During such time as extra part-time employees were assigned to the office, appropriate adjustment was made to exclude the additional staffing when measuring Ms. Helper's work. The arbitrator concluded that:
 
 
 6
 [I]t is reasonable to expect that each of the [full-time employees] would complete one-half of the nonsupervisory work, and that performance standards ... may permissibly be based on the goal that each full-time equivalent would perform approximately one-half of the load....
 
 
 7
 Arbitrator's decision at 37. The arbitrator found that Ms. Helper was provided two performance improvement periods (PIP) totaling five months and that she did not reach the minimally acceptable level of performance in any month during the PIP.
 
 
 8
 All other issues and arguments raised on appeal by Ms. Helper were thoroughly considered and correctly decided by the arbitrator.